[S. F. No. 776.    Department Two.—December 4, 1897.]

JAMES STANLEY, Administrator, etc., Appellant, v. JAMES W. GILLEN et al., Respondents.

DISMISSAL OF ACTION—WANT OF PROSECUTION—DELAY IN SERVICE OF SUMMONS—DISCRETION—CONSTRUCTION OF CODE.—Subdivision 7 of section 581 of the Code of Civil Procedure, providing that no actions shall be further prosecuted, and all actions shall be dismissed unless summons shall have been issued within one year and shall have been served within three years after the commencement of the action, is not to be construed as meaning that plaintiff may have the full time limited thereby in all cases; but it is still discretionary with the court,

as it was prior to the amendment of that section, to dismiss the action for improper delay in the prosecution of it, even though the summons be issued and served within the time limited by the code.

ID.—RULE NOT FIXED OR CERTAIN—QUESTION AS TO ABUSE OF DISCRETION.— There is no fixed or certain rule as to the dismissal of an action for want of prosecution in cases in which the dismissal is not made compulsory by the Code of Civil Procedure; and where there is no dispute as to the facts, the only question is whether there is an abuse of discretion in dismissing the action in view of the particular circumstances of the case. The facts of this case reviewed, and the dismissal held not an abuse of discretion.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion.

Stearns & Elliott, for Appellant.

Nye & Kinsell, for Respondent Simeon Stivers.

Thomas C. Huxley, for Respondents Thomas Lial and Mark Lyons.

CHIPMAN, C.—The complaint was filed May 10, 1893. The summons was served on all the defendants except Gillen, who has not been served, on May 4, 1896. On May 5, 1896, defendant Stivers served notice of motion to dismiss the action on the ground of unreasonable delay in the service of the summons and in the prosecution of the action. Defendants Lial and Lyons gave a similar notice, and on June 1, 1896, the court rendered judgment of dismissal as to all the defendants; as to Gillen on the motion of the court. The hearing was upon the papers on file in the action and upon affidavits. Plaintiff appeals from the judgment and upon bill of exceptions.

There is no dispute as to the facts. The only question is whether there was abuse of discretion. Section 581, subdivision 7, of the Code of Civil Procedure provides that no action shall be further prosecuted and all actions shall be dismissed unless summons shall have issued within one year and shall have been served within three years after the commencement of the action. Before this section was amended, the power to dismiss the action for the causes named was wholly discretionary. Now it is com-

pulsory where the summons is not issued within one year and served within three years. The code, however, does not mean that the plaintiff may have the full time in all cases; it is still discretionary with the court to dismiss, as before the amendment, even though summons be issued and served within the time. The cases are numerous illustrating the circumstances under which the discretion, as exercised by the lower court, will be affirmed or reversed, but they furnish no fixed or certain rule, for the obvious reason that no two cases present the same facts. "Each particular case presents its own peculiar features, and no ironclad rule can justly be devised applicable alike to all." (*First Nat. Bank v. Nason*, 115 Cal. 626.)

The showing made by defendants in support of their motion is very brief; it is that plaintiff and defendants served are well acquainted with each other, and reside about three miles apart and have met frequently—Stivers and plaintiff at least monthly; that defendants' residences were well known to plaintiff, and they had resided where they now reside in Alameda county for over twenty years, and that there is no good reason why they were not sooner served with summons. They do not deny knowledge of the pendency of the action, and it is deposed, upon information and belief, that defendant Stivers "knew that said action had been brought," but no similar statement is made as to the other defendants. The motion was opposed by the affidavit of one R. F. Marshall, who claims upon information to be an heir at law of plaintiff's intestate and her deceased husband, Earl Marshall, who died intestate in said county. One of the plaintiff's attorneys also makes affidavit. The complaint charges fraud and undue influence on the part of defendants resorted to by them to compass the conveyance, without consideration, to them of certain real property belonging to said Earl Marshall in his lifetime. The complaint goes back to the year 1828, when defendant Stivers, as a child of three years, was taken into Marshall's family and thence to manhood was supported by Marshall and treated as one of the family; it avers how Stivers gradually attained undue influence over his foster parent; how in 1865 Marshall became converted to Mormonism; how in 1879 Gillen came upon the scene and by reason of his religious fellowship with Marshall was able to and did assist Stivers in his design

upon Marshall's property, which was fully accomplished before Marshall's death in 1881. It is alleged on information and belief that Marshall's surviving widow was crazy; that Stivers administered on Marshall's estate to further carry out his fraudulent purpose; that a small amount of property only was inventoried and that was set apart to the widow; that the widow died in 1888; that no administration of her estate was undertaken until, in 1893, when the public administrator, at the request of said R. F. Marshall, who claims to act as the agent of a large number of nonresident heirs, took out letters on her estate. Marshall states in his affidavit that the public administrator declines to advance any money in the litigation, the purpose of the action being to call Stivers to account and to subject the property by him fraudulently taken from Marshall to administration; that he did not sooner serve defendants because he wanted to learn the whereabouts of Gillen before serving anybody, lest a knowledge of the action would come to Gillen and he would avoid being called as a witness; that he had done much corresponding to find Gillen without avail; that the case required much preparation and investigation; that there were many heirs who had to be corresponded with; that they were poor and widely scattered, and he had been unable to get the funds necessary to prosecute the action; that another reason for not serving the resident defendants was that they were at hand and could be served at any time, and that knowing of the pendency of the action they could have appeared voluntarily had they so desired and had the action pressed to trial.

This brief outline of the complaint is sufficient to show the importance of the action to defendants, who must now be quite advanced in years. Stivers was three years old in 1828 and must now be seventy-two years old. The fraudulent acts alleged involve transactions many years back. In justice to defendants, they should have been brought promptly into court and given an opportunity to meet these grave charges. As to the excuses offered for not having done so, we think the court was warranted in holding them to be of little weight. They would have appealed with more effect if made and supported upon motion for a continuance of the trial after issues framed. We cannot see any good excuse for the delay arising from Marshall's desire to keep

the fact of the pendency of the action from Gillen. There is nothing in the showing to justify the belief that the case could be brought to trial within any reasonable time; it is not stated that a single witness has been found to sustain the allegations of fraud in the complaint, all of which are stated on information or belief; it appears that the agent of the alleged heirs has no funds with which to prosecute the action; that he "was compelled to effect an organization amongst said heirs for the purpose of getting funds for the prosecution of the suit," but the funds are not yet forthcoming and the organization is still in embryo. Marshall states that Gillen is a necessary party to the action, but the time within which he could be served expired before the motion was heard, and the alleged purpose of the delay can no longer be accomplished.

It seems quite clear to our minds that the learned judge did not abuse the discretionary power given him, and that the judgment of dismissal should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment of dismissal is affirmed.

Henshaw, J., McFarland, J., Temple, J.