[Civ. No. 362.    Third Appellate District.—October 3, 1907.]

## F. W. BERNARD, Appellant, v. ELMER E. PARMELEE and MARGUERITE A. PARMELEE, Respondents.

MINERAL LANDS—ACTION TO DETERMINE ADVERSE CLAIM—JURISDICTION OF STATE COURT—POWER OF FEDERAL GOVERNMENT.—The jurisdiction of the courts of this state of an action to determine an adverse claim to mineral lands must be determined by the laws of this state which regulate the mode of procedure therein, and such procedure cannot be regulated by the laws of the federal government.

ID.—MOTION TO DISMISS FOR WANT OF DILIGENCE—STAY OF PROCEEDING IN LAND OFFICE TO BE CONSIDERED.—Upon a motion to dismiss the action for want of reasonable diligence in its prosecution, it may be shown that the action arose by reason of plaintiff having filed an adverse claim in the United States land office to defendants' application for a patent, in which proceedings were stayed, according to law, until such action should be determined, and that the action was commenced on the last day allowed by law, and was not prosecuted with reasonable diligence as required by the federal statutes.

ID.—CONSTRUCTION OF STATE STATUTE—DISCRETION OF COURT.—The mandatory provision for dismissal of an action when summons is not issued within one year from the filing of the complaint, nor served within three years from said filing, does not affect the power of the court in the exercise of its discretion to dismiss the action for want of prosecution with reasonable diligence short of said period.

ID.—DISCRETION NOT ABUSED.—*Held*, that in view of the delay in bringing the action, and the neglect of service of the summons, which might have been served immediately, for a period of over four months, when a motion was made to dismiss the action for want of prosecution, and in view of the effect of the delay upon the rights of the defendants as applicants for a patent, the court did not abuse its discretion in dismissing the action.

APPEAL from a judgment of the Superior Court of Placer County. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Solinsky & Wehe, and Tuttle & Tuttle, for Appellant.

John M. Fulweiler, for Respondents.

HART, J.—The court below, upon the application of the defendants, ordered a dismissal of this action upon the ground that the same had not, after its commencement, been prosecuted with reasonable diligence. The appeal is from said judgment of dismissal upon a bill of exceptions. The bill of exceptions contains the affidavits upon which the defendants presented the motion to dismiss and the counter-affidavits filed by the plaintiff in resistance to the motion.

The action is one to quiet title to certain mining property situated in Placer county. The complaint was filed on the twenty-seventh day of December, 1905, in the superior court of said county, and on the same day a summons was issued by the clerk of said court and delivered to the plaintiff for service. The summons was not served on the defendants, and on the third day of May, 1906—a little over four months after the institution of the suit—counsel for respondents filed a motion and notice thereof to dismiss the action, said motion being noticed for hearing for the twenty-first day of May, 1906, and said notice and motion, together with the affidavit in support thereof, were served on the attorneys for appel-

lant. On the nineteenth day of May, 1906, the attorneys
for the appellant made a demand on the county clerk for the
issuance of an *alias* summons, alleging in said demand that
the original summons had been destroyed by fire in the city
of San Francisco on the eighteenth day of April, 1906. The
allegations of the complaint, as stated, call for the relief
authorized by section 738 of the Code of Civil Procedure,
and the action is, therefore, purely one for the quieting of
title. But from the affidavits filed upon behalf of the re-
spondents on the motion to dismiss, it appears that the case
is one of that class arising in the land department of the
general government and originating in conflicting claims for
a patent for land under a mineral application to purchase
the same from the government of the United States. It de-
velops from said affidavits that on the twenty-ninth day of
September, 1905, the defendants filed in the United States
land office, at Sacramento, "their joint application for a
mineral patent from the government of the United States,
for that certain mining claim or mine, called the 'Pacific Slab
Consolidated Placer Mine,' and comprising" the property in
dispute and described in said affidavits. Said application
was received and an order of publication made and publica-
tion of the notice of said application given, as required
by the provisions of the act of Congress providing for the
exploration and purchase and occupation and purchase of
certain mining lands. (U. S. Rev. Stats., secs. 2319 to 2340,
inclusive, [U. S. Comp. Stats. 1901, pp. 1424-1437].) On the
twenty-seventh day of November, 1905, "and on the last day
of said sixty days of publication" of the notice of applica-
tion, the plaintiff filed in said United States land office, at
Sacramento, an adverse claim for the land in opposition to
the claim of the defendants. Thereupon, the register and re-
ceiver, under the authority of section 2326 of the Revised
Statutes of the United States, made an order suspending all
further proceedings on the application of said defendants for
a mineral patent for said land, and requiring the plaintiff,
as an adverse claimant, to commence an action in a "court
of competent jurisdiction to determine the respective rights
of the said applicants for the patent and said adverse claimant
to the mineral lands in controversy."

Section 2326 of the Revised Statutes of the United States (see 2 U. S. Comp. Stats. 1901, p. 1430) provides, among other things, that where an adverse claim is filed during the period of publication, upon oath of the person or persons making the same, showing the nature, boundaries and extent of such adverse claim, all proceedings, except the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived; and that "it shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment, and a failure so to do shall be a waiver of his adverse claim." It is, as we have indicated (according to the affidavits by which the defendants support their motion),. because of the quoted provision of the United States Revised Statutes that plaintiff inaugurated this action.

We do not, nor can we conceive any possible reason upon which we could, concede the soundness of the position of counsel for the respondents that the general government has any power to prescribe in any case the rules by which the state courts shall be governed in the disposition of causes coming properly before them. That the jurisdiction of the courts of this state to try or otherwise dispose of cases which, even though they may, like this, originate in the land department of the United States, is not and cannot be derived from acts of Congress, is a proposition so clear and so elementary that its mere statement is conclusive of its soundness. If the Congress had the power to prescribe the limitation of time within which an action might be brought and prosecuted to judgment in the state courts, it certainly could as reasonably claim equal right to prescribe the rules of pleading and practice by which state courts should be guided in trying and disposing of such an action. It could establish rules of evidence different from our own and, if the case be triable by jury, direct the character of the instructions to be submitted by the court. But these and kindred questions, involving the rights of the states, as contradistinguished from those of the general government, have long since been fought out and definitively set-

tled, and the suggested proposition is only startling because the line of demarcation establishing and distinguishing the respective rights of our dual systems of government has for so many years been sharply and clearly defined and accurately and universally understood.

But the action here has no connection with or relation to the proceedings of the land office, in so far as the jurisdiction of the superior court is affected or concerned, nor, as we have suggested, can it have. The action is one of which our state courts have jurisdiction under our own laws, and, as is declared in *Altoona Q. M. Co.* v. *Integral Q. M. Co.*, 114 Cal. 100, [45 Pac. 1047], if jurisdiction of such a suit were not conferred by some provision of our own law, it could not be granted to a state court by an act of Congress. In the case just mentioned—arising under circumstances similar to those here—it is said: "Congress could not impose upon the state courts the duty or the labor of determining for the land office who is entitled to purchase from the United States, and it has not attempted to do so. . . . But the contestant is required to test his right to the possession of the mining ground in the local courts. This he must do—if in a state court—by some proceeding authorized by the laws of the state. If we could suppose that there was no mode provided in the state laws for doing this—no action of which the state courts would have jurisdiction in which this could be done—the act of Congress would not confer the jurisdiction which was lacking. This is not an action brought under section 2326 of the Revised Statutes of the United States, [U. S. Comp. Stats. 1901, p. 1430], to determine which of the parties is best entitled to purchase from the United States, but only an ordinary action to quiet title. The proceedings in the land office of the United States are utterly immaterial here, unless they tend to show title or right of possession in one of the parties." (See, also, *Quigley* v. *Gillett*, 101 Cal. 462, [35 Pac. 1040]; and *420 Mining Co.* v. *Bullion Min. Co.*, 9 Nev. 240.)

We are of the opinion, however, that the judgment should be affirmed for other reasons. Subdivision 7 of section 581 of the Code of Civil Procedure provides that no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and the

same shall be dismissed by the court in which it shall have been commenced, " . . . unless summons shall have been issued within one year, and all such actions shall be in like manner dismissed, unless the summons shall be served and return thereon made three years after the commencement of said action." That there is an inherent discretion in the trial courts to order a dismissal of cases commenced therein for lack of reasonable diligence in the prosecution of the same will not be disputed. The only question here, then, is, Did the court abuse its discretion in dismissing the action?

The affidavits of the respondents disclose the fact (and it is not denied) that the summons was issued and delivered to the plaintiff on the day upon which the complaint was filed; they show that the respondents were, at the time of the commencement of the action, residents of Last Chance, in Placer county, and were often, subsequently to the institution of the suit, at and near Auburn, the county seat of that county; that no effort was made at any time to serve them with the summons. The affidavit of F. J. Solinsky, one of the attorneys of the plaintiff, avers that "at all of said times the said F. W. Bernard resided, and now resides, in the city of Beverly, State of Massachusetts," and that "during all of said times, up to about the first day of March, 1906, one Joseph H. Meyers was the agent and representative of the said F. W. Bernard, in the state of California, and as such agent and representative had charge of the operation of the said mining claim and all of the business affairs of said Bernard in the State of California." The affidavit then proceeds to allege that said Meyers, as agent of plaintiff, conducted the transaction involving the purchase of the property in dispute and also inaugurated the contest, on behalf of plaintiff, against the defendants for said land in the land office and later caused the present action to be brought; that said Meyers is fully familiar with all the facts in connection with this suit, and that plaintiff is not, and, therefore, the latter relied solely upon said Meyers for the facts upon which to prosecute the action; that in said month of March, 1906, said Meyers departed from the state of California for parts unknown to affiant or plaintiff, and that said plaintiff since that time had diligently endeavored to learn the whereabouts of Meyers and to find him and so proceed with the

prosecution of the case. It is stated that Bernard came to
California in the month of March, 1906, and gave affiant the
first information of the departure of Meyers from the state
and plaintiff's inability to find him.

We do not think the facts set forth in plaintiff's affidavits
are sufficient to excuse the delay for which the action was
ordered dismissed. It is undisputed that the real purpose of
the suit was to secure a judicial determination of the rights
of the parties with reference to the land in controversy in
order to accomplish a final adjudication by the United States
land officers of the question as to which of the claimants was
entitled to purchase the property from the general govern-
ment. It is an undisputed fact that the reference of the case
to a "court of competent jurisdiction" to settle and decide
the controversy had the effect of staying all the proceedings
before the register and receiver, except the publication of
the notice and the making and filing of the affidavit thereof.
The affidavits of the defendants state the fact of the pendency
of the proceedings before the land department and the fact
of their suspension until a "court of competent jurisdiction"
—in this instance, a state court—could decide the con-
troversy, and it was competent for the court below to consider
those facts, together with the other facts set out in the affi-
davits, for the purpose of reaching a conclusion as to whether
or not there had been such an absence of diligence in prosecut-
ing the case as to warrant it in exercising its discretion favor-
ably to the motion to dismiss.

It also appears from the affidavits that the attorneys for
the appellants in this action acted as such for him in the
matter involving the land in dispute before the United States
land office, and "prepared the adverse claim and affidavits
and survey connected therewith and as filed" in said land
office, "and upon which this action in this court was com-
menced and depends." It is, of course, certain from the un-
disputed facts that Meyers, the agent of the plaintiff, as well
as the attorneys, knew the purpose for which the case had
been referred to the superior court, and equally as a mat-
ter of course knew that the order of reference tied the hands
of the defendants, in the matter of the further prosecution
of their claim before the land office, until the decision of the
controversy by the superior court. The summons, as we have

seen, was issued and delivered to the plaintiff or his agent the day the complaint was filed. There is no reason disclosed by the record why it should not have been served within a day or two after it was issued, and the trial of the case proceeded with and decided, thus permitting the defendants, if victorious in the court, to press their rights before the land department of the government to final crystallization. The affidavits also show that the adverse claim of appellant was filed in the land office on the last day of the publication of the notice of application by defendants, and that this suit was brought on the last day of the thirty within which, under the Revised Statutes, he was authorized to proceed in the courts in order to prevent a forfeiture of his right to carry on the contest before the land office. These facts the court below, according to its written opinion filed herein, also considered upon the question of diligence, and we think properly so. But counsel for appellant declare "that the lower court clearly erred in paying attention or giving any force or effect to the fact that proceedings were pending on behalf of respondents for a patent and that in those proceedings appellant had waited until the last day to file his adverse claim," for the reason that "the state court is not concerned as to whether its judgment can be made available in the land office or not." As we have already endeavored to make clear, all the *facts,* whatever might be the subject to which they related, if relevantly bearing upon the question of diligence, were, of course, proper to be considered by the court. It is no recognition of any power in the federal government to prescribe the rules of practice in the local courts to hold that the court below was justified in considering, upon the question of diligence, the *fact* that the final determination of the rights of conflicting claimants for a patent for land belonging to the national government was, under the federal laws, contingent upon a precedent determination of those rights by the state courts, and that an order of reference for that purpose by the land officers operated to stay further proceedings in the contest pending before them involving those rights.

Counsel for the appellant, referring to section 581, subdivision 7, of the Code of Civil Procedure, say that "the appellants in this action had one year from the 27th day of December, 1905, within which to have summons issued, under

the law of the State of California, and had three years from
the expiration of the one year within which to serve and re-
turn said summons.'' We are unable to read the language of
the section so that it authorizes three years within which to
serve and make return of the summons thereon ''*from* the
expiration of the one year'' within which summons must be
issued. We understand the section to say and mean that
summons must be served and return thereon made within
three years after the *commencement* of the action. And,
under the decided cases, counsel are in error in their con-
tention that a plaintiff may have the full time prescribed
by the statute in all cases. As we have before declared, all
the cases hold that the court is clothed with the discretion of
saying, upon the facts of each particular case, whether there
has been reasonable diligence in pressing the cause to issue
and trial, and if there has not been, to dismiss the suit. The
dismissal of the cause after the time within which sum-
mons may be issued or served and returned, would be manda-
tory and not an exercise of discretion. ''The code does not
mean that the plaintiff may have the full time in all cases.
It is still discretionary with the court to dismiss, as before the
amendment, even though summons be issued and served with-
in the time.'' (*Stanley* v. *Gillen,* 119 Cal. 176, [51 Pac.
183].) In *Kreiss* v. *Hotaling,* 99 Cal. 386, [33 Pac. 1125],
it is said, speaking of subdivision 7, section 581, Code of Civil
Procedure, that ''the discretion of the court to determine
whether there has been inexcusable delay within the term of
three years still remains, and each case must be determined
upon its own particular circumstances.'' In the last-men-
tioned case the summons was issued on the day the complaint
was filed—November 11, 1889—but was not served until Oc-
tober 12, 1891—more than a year less than the three provided
by the section. The judgment of dismissal for inexcusable de-
lay was sustained.

Appellant cites a number of cases in which the judgment
of dismissal based upon want of diligence in prosecuting the
same was reversed. We have examined the citations carefully
and, as to the facts, find no difficulty in differentiating them
from the case at bar. In *Ferris* v. *Wood,* 144 Cal. 429, [77
Pac. 1037], which was an action upon a judgment, it ap-
peared from the record on the motion that an effort to com-

6 Cal. App.—35

promise that judgment was in progress by the parties after the summons issued, and for that reason plaintiff caused the delay in the service, and the court, speaking through Presiding Justice Chipman, of this court, then a commissioner, says: "To have served the summons pending these negotiations might, as plaintiff feared, embarrass the settlement. It seems to us that the delay was reasonably accounted for and excused, and that the order of the court did not tend to subserve, but rather to impede or defeat, the ends of justice." In *Kennedy* v. *Mulligan,* 136 Cal. 556, [69 Pac. 291], in which a motion to dismiss for want of diligence to prosecute was denied, the summons having been served and returned within a year after the commencement of the action, the court merely holds, upon the facts presented by the affidavits of both parties, that it cannot be said that the lower court abused its discretion. In *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4, [74 Pac. 352], the defendant was promptly served with summons, and his attorneys appeared for him, and entered into a written stipulation in his behalf with the plaintiff that the case should abide the result of another similar action. It was held that under these and other mentioned circumstances the delay in returning the summons after the lapse of three years after the service of the same was excusable, and not ground for a dismissal of the action.

Each case must, as we have seen from all the authorities, rest upon its own peculiar circumstances, or, as it is expressed in *First Nat. Bank* v. *Nason,* 115 Cal. 626, [47 Pac. 595], "each particular case presents its own peculiar features, and no iron-clad rule can justly be devised applicable alike to all."

In the case at bar, the appellant presents no facts excusing the delay, which, though embracing only a little over four months, must have, under the peculiar circumstances of the record, resulted in greater hardship to the defendants than might be entailed upon the delay of the ordinary case for a year or more. From the facts before us we cannot say that the court abused its discretion.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.