[S. F. No. 5131. Department Two.—March 25, 1909.]

In the Matter of the Estate of JOHN R. HITE, Deceased. LUCY HITE, Appellant; MERCANTILE TRUST COMPANY OF SAN FRANCISCO, as Administrator with the Will Annexed of John R. Hite, Deceased, et al., Respondents.

ESTATES OF DECEASED PERSONS—REVOCATION OF PROBATE—DISMISSAL—CITATION.—Under section 1328 of the Code of Civil Procedure, as amended in 1907, a petition for the revocation of the probate of a will, and all proceedings based thereon, will be dismissed, unless a citation be issued to the executor of the will or to the administrator with the will annexed, within one year after such probate.

ID.—SERVICE OF NOTICE OF MOTION TO DISMISS.—It is not necessary for a person moving to dismiss such proceedings, for failure to issue the citation within the time limited, to serve all the parties who might be affected by the petitioner's contest. A service on the petitioner alone is sufficient.

ID.—APPEARANCE ON MOTION TO DISMISS.—The appearance of the administrator with the will annexed, for the sole purpose of dismissing the petition, will not be construed as a general appearance, although the administrator did not designate its appearance as a "special appearance" or as "appearing especially for this purpose alone."

ID.—ISSUANCE OF CITATION—DUTY OF CLERK.—While the duty of the clerk to issue the citation was ministerial, it was not a duty which he was called upon to perform, except upon the application of a party interested.

APPEAL from an order of the Superior Court of the City and County of San Francisco dismissing a proceeding to revoke the probate of a will. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, for Appellant.

E. W. McGraw, and Titus & Creed, for Respondents.

HENSHAW, J.—On the second day of January, 1907, the will of John R. Hite was admitted to probate. On December 31, 1907, appellant filed a petition to revoke the probate. No citation upon this petition was ever issued, and on April 16, 1908, the respondent, administrator with the will annexed, moved to dismiss the petition for failure to issue the required citation. The court accordingly made an order dismissing the petition and all proceedings based thereon. That the action of the court in this respect was correct, is not even debatable. Section 1328 of the Code of Civil Procedure was amended in 1907, [Stats. 1907, p. 314], and the amendment was in effect when the petition for revocation of the will was filed. It provides "upon filing the petition, and within one year after such probate, a citation must be issued to the executor of the will, or to the administrator with the will annexed," etc. It was not necessary for the movant to serve all of the parties who might be affected by petitioner's contest. It is sufficient that the petitioner herself was served with notice. This practice has received uniform recognition. (*Stanley* v. *Gillen*, 119 Cal. 176, [51 Pac. 183]; *White* v. *Superior Court*, 126 Cal. 246, [58 Pac. 450]; *Siskiyou County Bank* v. *Hoyt*, 132 Cal. 82, [64 Pac. 118]; *Grant* v. *McArthur*, 137 Cal. 270, [70 Pac. 88]; *Swortfiguer* v. *White*, 141 Cal. 576, [75 Pac. 172].)

The administrator appeared for the sole purpose of dismissing the petition. It seems to be argued that because it did not designate such an appearance as "special appearance," or as "appearing especially for this purpose alone," it should be construed as a general appearance. Such, of course, is not the rule of construction. (*In re Clarke*, 125 Cal. 388, [58 Pac. 22].) While it became the duty of the clerk to issue a citation, and, in this sense, the duty was ministerial, it was not a duty which he was called upon to perform, excepting upon the application of a party interested. (Code Civ. Proc., sec. 1708.)

For these reasons the order appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.