[Civ. No. 1175.  Third Appellate District.—October 4, 1913.]

## R. A. CALDWELL, Appellant, v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, Respondent.

DISMISSAL OF CASE—DELAY IN PROSECUTION—FAILURE TO SERVE SUMMONS WITHIN REASONABLE TIME.—Section 581a of the Code of Civil Procedure makes it mandatory upon the court to dismiss an action where summons has not been served and return thereon made within three years after the commencement of the action, but the court may, in the exercise of a sound judicial discretion, dismiss an action before the expiration of the three years, if there has been, under the circumstances of the case, an unreasonable delay in its prosecution.

ID.—ACTION TO QUIET TITLE—DISMISSAL FOR DELAY IN PROSECUTION.— Where an action is brought to quiet title to land ten years after an alleged void foreclosure sale, and a *lis pendens* is filed at the time of the commencement of the action, it is not a sufficient excuse for a delay of nineteen months in serving summons that the plaintiff required that time to raise the amount of money, for which the sale was made, to tender to the defendant, but which he claims he is not legally or equitably obliged to pay. The court does not, therefore, abuse its discretion in dismissing the action on the ground of unreasonable delay in its prosecution.

ID.—DUTY OF PLAINTIFF TO BE IN READINESS TO PROSECUTE ACTION.— A party bringing an action should be prepared, when he files his complaint, if he is proceeding in good faith, to meet, as far as he is able to, every requirement which the nature and circumstances of the action and the averments of the complaint call for.

ID.—ACTION ATTACKING TITLE TO REAL ESTATE—DUTY TO PROSECUTE DILIGENTLY.—Where the record title to real property is challenged by an action at law or a suit in equity, it is the duty of the plaintiff to act with all proper diligence in bringing the question to issue in the court, so far as it is within his power to do so; and when he does not do so for a long period of time, that is to say, where he fails, for what appears to be an unreasonable length of time, to legally notify the party upon whose title he has thus made an assault that he has done so, he should not be excused for his neglect, where he is called upon to account for it, except upon a showing of the most satisfactory and conclusive character.

APPEAL from an order of the Superior Court of Alameda County dismissing an action for want of prosecution.  William H. Waste, Judge.

The facts are stated in the opinion of the court.

Frank W. Sawyer, for Appellant.

Warren Olney, Jr., for Respondent.

HART, J.—This is an appeal from a judgment entered upon an order dismissing the above-entitled action and from the order of dismissal.

The ground upon which the order of dismissal was made was want of diligence in the service of summons and consequent failure to prosecute the action with reasonable diligence.

The motion was supported by the affidavit of an officer of the defendant, setting forth the facts upon which 'the latter claimed to be entitled to favorable action upon said motion.

The plaintiff filed a counter affidavit, in which he details a history of the litigation of which the proceeding now before us is the outgrowth, and sets forth his reasons for postponing the service of summons.

These affidavits are incorporated into the record, which was made up in accordance with the provisions of sections 941a, 941b, and 941c of the Code of Civil Procedure.

The action, the purpose of which was to obtain a decree quieting, as against the defendant, the plaintiff's alleged title to certain real property situated in the city of Oakland, Alameda County, was commenced and summons issued on the sixteenth day of May, 1910, but the summons was not served upon the defendant up to the time of the noticing and filing of the motion to dismiss the action.

The affidavit of Victor H. Henderson, secretary of the defendant corporation, shows that his office, as well as those of the treasurer and president of said corporation, were during all of the time ever since the date of the institution of the action and the issuance of summons, maintained, respectively, on the grounds of the state university, in the city of Berkeley, at San Francisco and at the city of Sacramento. The affiant during all of said time was the secretary and maintained his office at the place above stated, and during the same period of time I. W. Hellman, Jr., was treasurer, and, by virtue of the provisions of the law, the governor of the state, whose office was and is at Sacramento, was president of said corporation. It is averred that these facts were well known in Alameda County to the general public and to all

persons having business or desiring to do business with the defendant or with the University of California, and that the existence and respective locations of said offices were recorded in the public directories, "and if the existence and location of said offices, or the identity of the individuals occupying the positions of such secretary, president and treasurer were not known to plaintiff and his attorney, such knowledge could have been immediately obtained by them by inquiry in said county of Alameda." The affidavit then avers that summons "in said action has not been served upon the defendant, and, as far as affiant is aware, no attempt has been made by the plaintiff, or his attorney, to serve the same; that it has always been possible and practicable for the plaintiff, or his attorney, without difficulty, to serve said summons personally on said defendant."

By his affidavit, counsel for the plaintiff does not deny that he was familiar with the fact of the existence and the respective locations of the executive officers of the defendant referred to in the defendant's affidavit, nor does he claim that, for any reason, he was precluded from securing legal service of summons upon the defendant corporation. The excuse for the delay in the service of summons is, however, stated in his affidavit, in substance, as follows: That, on or about the twenty-fourth day of July, 1900, the defendant corporation commenced an action in the superior court in and for the county of Alameda for the purpose of foreclosing a mortgage, executed on the land described in the complaint to secure an indebtedness in the sum of $26,398.37, alleged to be due the said defendant from one W. A. Knowles and which indebtedness was evidenced by the promissory note made by said Knowles to the defendant on December 6, 1890; that in said foreclosure suit, said Knowles appeared by filing an answer, in which, among other things, he set up the plea of the statute of limitations as to all sums in excess of ten thousand dollars of said alleged indebtedness, and that at the trial of said action the court sustained the plea of the statute, and awarded the defendant here judgment in said action in the sum of ten thousand dollars, only, with interest and costs, aggregating the sum of $16,276.66⅔, "but in its order of sale under said foreclosure directed that the property be sold to pay the entire amount demanded in the complaint, to wit,

the sum of $32,553.33," which included the principal of the
original indebtedness and interest and costs; that at the sale
under said judgment, sufficient property was sold by the
commissioner appointed by the court for that purpose to pay
the full amount demanded in the complaint, which, as is mani-
fest, amounted to the sum of $16,276.66⅔ in excess of the
amount awarded by the judgment against said Knowles. The
plaintiff, it is stated in the affidavit, having acquired title to
the property sold to satisfy such excess, commenced this action,
not for the purpose of promoting litigation, but with the inten-
tion of making every possible effort to settle and adjust the
matter out of court, and to that end "affiant advised the plain-
tiff to raise the necessary money to pay the defendant the full
amount of its demand, to wit: $32,553.33, with interest, taxes,
liens, expenses and costs to date, and make full tender to the
defendant of such sum, and demand a reconveyance of said
property," notwithstanding that "the excess sale under said
judgment was and is absolutely void and of no force or effect
whatever"; that, "acting under said advice, effort has been
made to raise that sum, with the result that plaintiff, on the
30th day of December, 1911, was ready and willing to make
such tender and demand, and thereupon affiant wrote and
mailed to the defendant the following letter." Then follows
a copy of a letter addressed to the defendant by the affiant,
attorney for the plaintiff, and dated December 30, 1911. In
that letter he called attention to the invalidity of the "excess
sale" of property whereby the whole of the indebtedness due
from Knowles to the defendant was satisfied after the court,
in the foreclosure suit, had found that the defense of the
statute of limitations against all of said indebtedness in excess
of the sum of ten thousand dollars was established, informed
the defendant that the plaintiff had commenced an action
against it and others to quiet title to the property, and offered,
in consideration of a conveyance by the defendant to the
plaintiff of the property sold by the defendant under the de-
cree, to pay to the former the full sum of $32,553.33, together
with interest thereon, at the rate of seven per cent per annum,
from the date of the decree of foreclosure.

That letter, proceeds the affidavit, was responded to by the
defendant by letter, dated January 4, 1912, in which it was
stated that plaintiff's letter had been turned over to Mr.

Warren Olney, Jr., attorney for the regents, "who has charge of legal matters affecting the Broadway Terrace Tract (the land in question was so named and known), the property of the regents."

Mr. Olney, so the affidavit states, replied to the letter of affiant by serving upon him a notice of the motion which is responsible for this appeal.

"The delay in this matter," concludes the affidavit, "was occasioned by an honest effort to raise the necessary money to do full and complete equity by the plaintiff to the defendant, and in an honest effort to adjust the matter without resort to trial and litigation in court."

By section 581a of the Code of Civil Procedure it is made mandatory upon the court to dismiss an action in which summons has not been served and return thereon made within three years after the commencement of such action. (*Bernard* v. *Parmalee,* 6 Cal. App. 537, 545, [92 Pac. 658], and cases therein cited.) In all other cases, whether there has been inexcusable delay in the prosecution of an action, is a question which the court, in the exercise of a sound judicial discretion, must determine from all the facts and circumstances of the particular case. "The code section (581a) does not mean that the plaintiff may have the full time in all cases. It is still discretionary with the court to dismiss, as before the amendment, even though summons be issued and served within time." (*Stanley* v. *Gillen,* 119 Cal. 176, [51 Pac. 183]; *Kreiss* v. *Hotaling,* 99 Cal. 386, [33 Pac. 1125]; *Bernard* v. *Parmalee,* 6 Cal. App. 537, [92 Pac. 658].)

So, in this case, in which less than three years intervened between the commencement of the action and the date of the filing of the motion to dismiss, the sole question is whether, under the facts as presented on the motion, the court, in ordering a dismissal on the ground of unreasonable delay in the prosecution of the action after it was commenced, transcended the bounds of a sound judicial discretion.

The affidavit of counsel for the plaintiff, in our opinion, contains nothing which even approximates a reasonable excuse for the long elapsion of time after the commencement of the action before attempting to start the cause to issue by the service of summons. The only reason which affiant offers as an

23 Cal. App.—3

excuse for the delay in serving summons is, as seen, that he desired time within which to raise a large sum of money with which he might do an act, which, affiant declares, the plaintiff was not legally bound to perform as a prerequisite to his right to a decree quieting his title, if any he has, to the land. This is not a sufficient reason for excusing the delay. As well might it be claimed that a plaintiff, after bringing suit, could justly be excused for delaying service of summons and so postpone bringing the cause to issue for a year or two or a long period of time upon the ground that he first desired to procure evidence which would support the allegations of his complaint. A party bringing an action should be prepared, when he files his complaint, if he is proceeding in good faith, to meet, as far as he is able to, every requirement which the nature and circumstances of the action and the averments of the complaint call for. If the plaintiff in this case, as he claims is true, was not legally or equitably obliged to pay the large sum mentioned in his affidavit to the defendant in order to secure the relief sought for by him, then there was no necessity for raising the money referred to, and, therefore, no occasion for the long delay in the service of summons. If, on the other hand, he conceived it to be requisite to offer and be prepared to pay said sum to the defendant, in order to obtain favor in the premises from a court of equity, if the facts otherwise entitled him to such favor, he should have been prepared to meet that equitable prerequisite before instituting his suit, or at least, before bringing suit, have placed himself in a situation whereby he could have so prepared himself within a reasonable time after he had filed his complaint. At any rate, assuming that the excuse offered by the plaintiff for his delay in causing summons to be served might, under some circumstances, possess merit, it certainly loses its force when it is considered that the alleged right of the plaintiff to the relief sought by his complaint is founded upon an alleged void foreclosure sale which occurred ten years prior to the commencement of this action. Presumably, the plaintiff and Knowles, from whom the first named acquired whatever rights he claims in the land in controversy, were, during all that period of time, and from the very beginning of the transaction from which this action arises, fully cognizant of the circumstances which rendered the sale void in part, if,

in truth, it was void. Thus it is readily to be noted that a period of nearly twelve years intervened between the date on which the cause of action upon which the plaintiff relies accrued to him or to his predecessor in interest and the time at which, after the action had been filed for nearly two years and the plaintiff notified of the intention of the defendant to make the motion with which this inquiry is concerned, any effort was made to bring the matter to issue in court. And if they were familiar with all the facts during all or even any considerable part of that time, it seems to us that there can be little, if any, support for the excuse set up by the plaintiff for allowing his action to remain dormant for a period of over a year and seven months after it was begun, thus leaving the question whether the defendant's record title to the land in controversy was valid or invalid in the air, so to speak, for the same period of time. The plaintiff, according to his attorney's affidavit, recorded a *lis pendens* in this case immediately upon the filing of the complaint. A *lis pendens*, upon its face, constitutes a cloud upon the title to the real property to which it relates. For nearly two years, then, the defendant's record title was under a cloud. Readily, therefore, must the importance of such a proceeding to one whose title is thus mixed up and complicated be appreciated. He should be given the earliest opportunity, consistent with the exigencies of the cause, to clear up the matter, if he can. Where, therefore, the record title to real property is challenged by an action at law or a suit in equity, it is the duty of the party thus attacking such title to act with all proper diligence in bringing the question to issue in the court, so far as it is within his power to do so, and when he does not do so for a long period of time—that is to say, where he fails, for what appears to be an unreasonable length of time, to legally notify the party upon whose title he has thus made an assault that he has done so, he should not be excused for his neglect, where, as here, he is called upon to account for it, except upon a showing of the most satisfactory and conclusive character. In this case, we think that the mere reading of the affidavit filed in behalf of the plaintiff in resistance to the motion to dismiss will make it perfectly clear to any reasonable person that the defendant has signally failed to sustain the burden cast upon him of reasonably accounting for and excusing the long delay in serving summons.

In any event, it cannot be said that, in granting the motion to dismiss, the court below abused the discretion committed to it in such matters.

The facts in the case of *Ferris* v. *Wood,* 144 Cal. 426, [77 Pac. 1037], cited by appellant, are entirely at variance with these here, as a reading of that case will show. But cases of this character must be determined wholly upon their own peculiar facts. As is said in *First Nat. Bank* v. *Nason,* 115 Cal. 626, [47 Pac. 595], where a similar motion is considered: "Each particular case presents its own peculiar features, and no iron-clad rule can justly be devised applicable alike to all."

The judgment and order are affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 3, 1913.

Beatty, C. J., dissented from the order denying a hearing in the supreme court.