[Civ. No. 6062. Second Appellate District, Division Two.—September 20, 1928.]

LOS ANGELES FIRST NATIONAL TRUST AND SAVINGS BANK (an Association), etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Gibson, Dunn & Crutcher and E. H. Conley for Petitioner.

Warren Lee Pierson, Newby & Newby and Dee Holder for Respondent.

CRAIG, J.—The last will and testament, together with a codicil thereto, of Annvernette M. Crombie, deceased, was admitted to probate by the superior court of Los Angeles County on February 18, 1926, Donald J. Frick and others being named therein as beneficiaries, and the petitioner in this proceeding being nominated and appointed executor. On September 8, 1926, one Linda Hill Burrell filed a petition for revocation of the will and codicil, which was set for hearing October 15, 1926, was continued to November 2, 1926, and thereafter permitted to go off calendar. No citation was issued thereon. On November 17, 1926, an amended petition for revocation of the will and codicil was filed, which was set for hearing on December 7, 1926, continued from time to time to February 4, 1927, and also went off calendar; hearing on the amended petition was reset

for hearing on August 26, 1927, and again was removed from the calendar. On the date of the filing of the amended petition a citation issued, directed to all beneficiaries other than Frick, and to the bank, petitioner herein, but neither Frick nor the bank as executor was named therein. Neither the executor nor any of the beneficiaries had legal notice of the fact that a citation had been issued. On February 21, 1928, the executor appeared specially by formal notice of motion, based upon affidavits reciting, among others, the foregoing facts, praying that the petition for revocation of probate be dismissed, upon the grounds that no citation had been issued or served, and that the contestant had not prosecuted her proceeding with diligence. Thereafter and prior to the hearing of said motion, the contestant returned and filed the citation, without service, together with a motion for the issuance of an *alias* citation, "upon the ground that the citation heretofore issued herein was, through mistake, inadvertence, surprise and excusable neglect of the said Linda Lee Burrell's counsel not served upon the said executor." Both motions were presented together, whereupon the court denied the motion for dismissal of the contest, and directed that an *alias* citation issue. The executor institutes this proceeding, praying a writ of prohibition restraining all further proceedings under the petition for revocation, insisting that an *alias* citation is not allowable upon the facts presented below, and that the Superior Court is without jurisdiction in the premises. It is contended by respondent that the Superior Court still retains jurisdiction, and that petitioner has a plain, speedy, and adequate remedy at law by appeal, after trial.

 Jurisdiction of the subject matter was acquired upon the filing of the petition for revocation of probate. (*Estate of Simmons*, 168 Cal. 390 [143 Pac. 697].) However, in the absence of any citation, or by the issuance of a void one, the court would not have acquired jurisdiction of the parties or power to try the issues presented by said petition. (*Estate of Hite*, 155 Cal. 390 [101 Pac. 8]; *Estate of Maescher*, 78 Cal. App. 189 [248 Pac. 537].)

 A mere omission to cite an executor in his representative capacity does not invalidate a citation, if from its entirety it appears that it was issued to the proper party as such executor. (*Matter of Ricks*, 160 Cal. 467 [117 Pac.

539].) We think the citation was sufficient in this respect, though it did not give jurisdiction of Donald J. Frick, who was not named therein. (Code Civ. Proc., sec. 1328.) But from the observations following, it becomes unnecessary to consider at length the defects in the original citation.

It appears without contradiction that the contestant was a resident of the state of New York, and that other litigation was there pending between her and parties by the name of Newton, an amicable settlement of which would also result in a termination of the controversy in California. Counsel on both coasts were striving for an adjustment of Mrs. Burrell's claim, and were in constant correspondence. Much time and money were expended in that behalf, and in interviewing witnesses and assembling evidence in preparation for a possible trial of the issues presented by the litigation in this state. In July, 1927, Mrs. Burrell came to California, and assisted in the negotiations and preparation for trial, and it is alleged that she and her counsel were at all times, until petitioner moved to dismiss her petition, endeavoring to accomplish a favorable adjustment of the various controversies. It is apparent from the pleadings and affidavits that petitioner was aware of the existence of other wills, and was constantly advised, by letter and otherwise, of the filing of the petition for revocation, and of all steps which were being taken both here and in the east toward a settlement of the contestant's claims. She was offered two thousand dollars, which she declined to accept. She avers that citation was not issued for many months, and when issued was not served, lest it should jeopardize a desired compromise.

It is the petitioner's contention that although the original citation was issued within one year after the will was probated, since it was not served, an *alias* citation could not be issued and served within the time specified by the statutes and decisions, if, indeed, there be any authority for the issuance of a citation in any event. Sections 1711 and 1328 of the Code of Civil Procedure, and early decisions of the Supreme Court, wherein the facts were not analogous to those here presented, are cited to this proposition. Said sections respectively provide as follows:

"When no other time is specially prescribed in this title, citations must be served at least five days before the return day thereof."

"Upon filing the petition, and within one year after such probate, a citation must be issued to the executor of the will, . . . and to all legatees and devisees mentioned in the will, and heirs residing in the state, . . . to show cause why the probate of the will should not be revoked."

In *San Francisco Protestant Orphan Asylum* v. *Superior Court,* 116 Cal. 443 [48 Pac. 379], it was argued that after the expiration of one year from the date of probate the court was without jurisdiction to issue an *alias* citation to a party whose name had through oversight or inadvertence been omitted from the original. It was held that the court had a right to have him brought in within a year, both under equitable principles and practice, and that it did not lose jurisdiction through want of diligence in that respect. In *Estate of Logan,* 171 Cal. 357 [153 Pac. 388], our Supreme Court said:

"The jurisdiction of the court to entertain a proceeding for the revocation of the will does not depend upon the issuance and service of a citation within a year after the probate of the will. Jurisdiction of the court attaches on the filing of the petition inaugurating the contest. The office of the citation is only that of a summons—to give the court jurisdiction of the parties who would be affected by its revocation. It is not essential to the jurisdiction of the court that the citation be issued and served within a year. The only penalty for failure to have it issued within that time is that the court may dismiss the contest. And even where there has been a failure to have it issued within the year, the court may nevertheless relieve the contestant for his failure to do so and thereupon order a citation issued and served. (*Estate of Simmons,* 168 Cal. 390 [143 Pac. 697].) It is to be observed, further, that though it is required that the citation be issued within a year, there is no provision of law prescribed when it shall be served. As the court may relieve for failure entirely to have a citation issued and served within the year, it certainly can relieve from a failure to serve where it is at least issued within a year."

In *Estate of Simmons,* cited *supra,* it appeared that the contest had been filed eight months after the date of probate of a will and codicil, and no citation issued until thirteen days after the expiration of the year. A notice

of motion to dismiss the contest was filed, whereupon the contestant interposed a counter-motion for relief upon the ground of excusable neglect of herself and her counsel. The two motions were heard at the same time, and, the motion for dismissal being granted, the contestant appealed. In distinguishing earlier decisions and reversing the order of dismissal, the rules were announced in the following language:

"While the issuance of citation within the year is requisite to the maintenance of the contest, and a failure to have it thus issued would, in the absence of an appearance, by adverse parties, *justify* the dismissal of the contest (*Estate of Hite,* 155 Cal. 390 [101 Pac. 8]; *Estate of Ricks,* 160 Cal. 467 [117 Pac. 539]), the proceeding is none the less commenced by the filing of the petition, and the court's jurisdiction of the contest attaches upon such filing. *Bacigalupo* v. *Superior Court,* 108 Cal. 92 [40 Pac. 1055], relied upon by respondent, merely holds that, where the petition for revocation had been dismissed, the court was without jurisdiction, after the expiration of a year from probate, to revive the elapsed petition and order a citation issued.

"While section 1328 requires that the citation shall be issued within the year, there is no provision, as there now is in the case of a summons (Code Civ. Proc., sec. 581a), prohibiting further prosecution of the proceeding, and requiring a dismissal, for failure to comply with the requirement.

"In view of these considerations, we think it must be held that the court had power, under section 473, to relieve a contestant, whose petition for revocation, duly filed, has not been dismissed, from the failure to have citation issued and served within the year. The proceeding (i. e., the contest) has been instituted, and jurisdiction over it has attached. The 'default' sought to be excused is a failure to take, within time, one of the requisite steps in the prosecution of the proceeding thus pending. The analogies to be drawn from the decided cases point to the conclusion that, in such a case, the granting of relief is permissible under section 473. As we have heretofore had occasion to point out, this court has given a very liberal interpretation to the provisions of this section."

To the same effect are *Davis* v. *Superior Court*, 35 Cal. App. 473 [170 Pac. 437], and *Estate of Maescher*, 78 Cal. App. 189 [248 Pac. 537].

▮ While in the instant case there may have existed but slight evidences of mistake or inadvertence, the trial court may well have concluded that all of the conditions and circumstances surrounding the contestant constituted excusable neglect. It is not denied that her only object in withholding service of the citation arose from a protracted but conscientious, constant, and expensive endeavor to obtain a compromise and to avoid litigation. We cannot say as a matter of law that such conduct was inexcusable rather than logical and judicious. This course of conduct upon her part being the sole basis of the present proceeding, we are constrained to uphold the ruling of the Superior Court in liberally exercising its discretionary powers with a view to bringing about a determination of the issues upon their merits. (*Haviland* v. *Southern Cal. Edison Co.*, 172 Cal. 601 [158 Pac. 328].)

The writ of prohibition is. denied.

Works, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 19, 1928, and petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1928.

Waste, C. J., and Shenk, J., dissented.