No. 2,247

CHARLES E. PICKETT, APPELLANT, v. S. C. HASTINGS and Others,
RESPONDENTS.

PRACTICE. — MOTION TO SET ASIDE AN ORDER OF DISMISSAL FOR WANT OF PROS-
ECUTION. — When a plaintiff, after bringing his action, but has no summons
served, absents himself for many months from his place of residence, leaving
no attorney to represent him, he has no cause to complain that some of the
defendants have voluntarily appeared and filed their answers and the case had
been set down on the calendar for trial, and, when called, dismissed for the
want of prosecution, unless he shows that he was acting under some mistake of
law, or been lulled into a false security by something which the defendants
appearing had said or done.

APPEAL from the District Court of the Fourth District,
City and County of San Francisco.

The case is stated in the opinion.

*A. M. Heslep*, of Counsel for Appellant.

The Court below erred in refusing to set aside and vacate
the order of dismissal, upon the showing made in the affi-
davits set forth in the transcript.

The entire question is one of discretion, and involves, in
its consideration, a careful examination of the affidavits used
in support of the motion to vacate and set aside; and it is a
work of supererogation to argue the same, for the Court
must determine the question upon the facts presented in the
affidavits.

The most prominent fact, however, presented in the record
shows a voluntary appearance and answer, without service
of process, during the absence of appellant, and the taking

of the order of dismissal, in a very brief time thereafter, and before the return of the appellant.

*McCullough & Boyd* and *R. F. Ryan,* for Respondents.

A party to an action has a right to make a voluntary appearance without summons having been served upon him. (*Hayes* v. *Shattuck,* 21 Cal. 51; *Sydam* v. *Pitcher,* 4 Cal. 280.)

The Court below acted perfectly proper in refusing to set aside the judgment, and for the following reasons:

*First*—That the appellant and plaintiff failed therein to show any mistake, inadvertence, or excusable neglect, in order to allow him to come in under the provisions of the sixty-eighth section of the Practice Act. (*Casement* v. *Ringgold,* 28 Cal. 335.)

*Second*—He has shown no merits, nor has he alleged or proved inadvertence, surprise, or excusable neglect. (*Elliott* v. *Shaw,* 16 Cal. 377; *People* v. *Rains,* 23 Cal. 128; *Bailley* v. *Taafe,* 29 Cal. 422; *Parrott* v. *Mahoney,* 20 Cal. 305; *Coleman* v. *Rankin,* 37 Cal. 247; *Woodward* v. *Backus,* 20 Cal. 137.)

CROCKETT. J., delivered the opinion of the Court:

In this case there are a large number of defendants, none of whom were served with a summons, so far as the record shows. The complaint was filed April 18th, 1868, and McNulty, one of the defendants, voluntarily appeared and filed his answer August 14, 1868. McCarthy and several other of the defendants, who were his tenants, also appeared voluntarily and filed their answer January 26, 1869. There was no appearance by any other of the defendants, and those who had thus appeared caused the case to be placed on the trial calendar of the Court for the February Term, 1869. The case was regularly called for trial on the 25th day of that month, and no one appearing for the plaintiff, the action was dismissed as to the defendants who had appeared. On the 8th day of May, 1869, the plaintiff moved the Court to vacate the judgment, and in support of the motion read his

own and several other affidavits, and the defendants filed several counter affidavits. The Court denied the motion and the plaintiff has appealed.

The proof of service of the answers was by affidavits, showing that the last place of residence of the plaintiff was the City of San Francisco; that after due and proper diligence at his last place of residence and otherwise, he could not be found, nor could the affiants ascertain where he then was; that, being unable to find him or ascertain his whereabouts, copies of the answers were deposited in the Post-office at San Francisco, in sealed envelopes, addressed to the plaintiff, and the postage paid; that the plaintiff had no attorney in the cause, the complaint being signed by him in *propria personæ.* We think the affidavits disclose sufficient diligence, and that the service through the Post-office was good under Section 520 of the Practice Act. The reason why the plaintiff could not be found appears from his affidavit, read in support of his motion, wherein he states "that the impaired state of his health induced him to depart, near the end of June last, for some months of travel through and sojourn in the southern section of this State." It further appears from the affidavit that he did not return to San Francisco until some time after the 26th January, 1869, but the precise date of his return is not stated. It does appear, however, that he "was wholly unaware the case had been placed on the calendar and called for trial until after judgment had been recorded;" and he states some reasons why he thinks his whereabouts in the southern portion of the State might have been ascertained by proper diligence. The reason which he assigns for absenting himself for so long a period, without having an attorney to represent him in the cause, is that the action was brought at the time to avoid the bar of the Statute of Limitations, and without any intention to press it to a speedy trial; that he therefore caused no summons to issue, under the belief that he could cause it to be done at any time within a year after filing the complaint; that before his departure he had a conversation with Hastings and "other defendants in this suit" about a compromise; in which he informed them that he was com-

pelled to leave the city for some time, and did not intend to take any further action in the case until his return, "which understanding appeared to be fully acquiesced in by said defendants;" that at the suggestion of Hastings, and for other reasons, he employed no counsel to represent him during his absence, "being fully impressed that there would be no answer filed until his return, and in response to summonses issued by himself." The names of the defendants with whom his conversation was had, except Hastings, are not given, and it nowhere appears that the particular defendants, who are parties to this appeal, were in any manner parties to the conversation. In McCarthy's affidavit he denies that Hastings had any authority whatever to represent him in the matter. In respect to the merits of the action, the plaintiff states "that he verily believes he is the owner of and entitled to the possession of the premises described in the complaint.

The plaintiff must be held to have known that in this State any defendant may voluntarily appear to the action without having been summoned. He does not profess to have been laboring under any mistake of law in this respect, but, from his conversation with Hastings "and other defendants," he was "fully impressed that there would be no answers filed until his return, and in response to summonses issued by himself." If it had been shown that the plaintiff had been lulled into a false security by anything that these particular defendants had said or done, it may have been a proper case for relief under Section 68 of the Practice Act, but there is no showing whatever that these defendants were in any manner parties or privies, directly or indirectly, to the conversation with Hastings, or that he had any authority to represent them.

The case, then, resolves itself into this, to wit: that the plaintiff, after bringing his action, and with a knowledge that any defendant might answer without having been served, absents himself for many months, leaving no attorney to represent him, and returns after some six or more months have elapsed, to find that some of the defendants have availed themselves of their lawful right to file their answers

and place the case on the calendar for trial; that the cause has been regularly called and dismissed for want of an appearance on his part.

If the judgments of Courts were to be set aside on such facts as these, there would be no end to the litigation.

Order affirmed.