[No. 13197. Department Two. — June 29, 1891.]

KASPER KUBLI ET AL., APPELLANTS, *v.* A. W. HAW-
KETT ET AL., RESPONDENTS.

APPEAL — DISMISSAL — ORDER REFUSING TO SET ASIDE APPEALABLE JUDG-
MENT. — The appellate court will not take jurisdiction of an appeal from
an order refusing to set aside a judgment or order which is itself ap-
pealable, and an appeal from an order refusing to set aside and vacate a
judgment of dismissal for want of prosecution will be dismissed.

DISMISSAL OF ACTION — WANT OF PROSECUTION — DISCRETION — CON-
FLICTING AFFIDAVITS — STIPULATION FOR DELAY. — It is not an abuse
of discretion for the trial court to dismiss an action for want of prose-
cution, where the only facts appearing were that the action had been
commenced more than five years before the motion to dismiss was made,
and a demurrer to the complaint had been on file for over three years
without being brought to a hearing, and the affidavits filed by both par-
ties were conflicting as to whether the defendants stipulated for the delay.

ID. — ORDER CONTINUING CAUSE BY CONSENT — NEGLIGENCE OF PLAIN-
TIFF'S ATTORNEY. — The order of dismissal will not be reversed because
of a previous order of the court, made by consent of counsel, continuing
the case to be set for a time agreed upon by the parties, or upon five
days' notice to either, where it appears that the order was upon the min-
utes of the court at the time the motion to dismiss was made, and the
attention of the trial court was not called to it, because of the neglect of
the plaintiff's attorney.

ID. — DUTY OF PLAINTIFF — HEARING OF DEMURRER. — The burden of
prosecuting an action to a finality is upon the plaintiff, and it is his duty
to urge the hearing of a demurrer, and not the duty of the defendant.

ID. — JURISDICTION OF SUPERIOR COURT. — It is within the power of the
superior court to dismiss an action for want of prosecution.

APPEAL from a judgment of the Superior Court of
Alameda County, and from an order refusing to set
aside the judgment.

The facts are stated in the opinion.

*George M. Shaw*, for Appellants.

The code prohibits the dismissal of actions upon the
ground of the want of prosecution. (Code Civ. Proc.,
secs. 581, 582.) The refusal of the trial court to set
aside the dismissal, in view of the facts, was an abuse
of the sound discretion of the court. (*Seymour* v. *Wood*,
63 Cal. 81; *Lodtman* v. *Schluter*, 71 Cal. 94.)

*W. R. Davis,* and *Edward C. Robinson,* for Respondents.

The superior court has the power to dismiss an action for want of prosecution. (Code Civ. Proc., secs. 593, 594.) In the following cases, dismissals for want of prosecution were granted by the trial court and affirmed by the appellate court: *Dupuy* v. *Shear,* 29 Cal. 238, 242; *Lander* v. *Flemming,* 47 Cal. 614; *Grigsby* v. *Napa County,* 36 Cal. 584; 95 Am. Dec. 213; *Carpentier* v. *Minturn,* 39 Cal. 450; *Eldridge* v. *Kay,* 45 Cal. 49; *McDonald* v. *Swett,* 76 Cal. 257; *Reynolds* v. *Page,* 35 Cal. 296; *Simmons* v. *Keller,* 50 Cal. 38; *Kornahrens* v. *His Creditors,* 64 Cal. 492; *Cowell* v. *Stuart,* 69 Cal. 525–527; *Onesti* v. *Freelon,* 61 Cal. 625; *Pardy* v. *Montgomery,* 77 Cal. 326. The appeal from the order refusing to set aside the judgment should be dismissed, as the remedy of the appellant was by appeal from the judgment. (*Higgins* v. *Mahoney,* 50 Cal. 444; Code Civ. Proc., secs. 939, 963; see *Waggenheim* v. *Hook,* 35 Cal. 216.) Even if the appeal be not dismissed, the plaintiffs cannot complain of nor be benefited by the order continuing the hearing on demurrer, for the reason that the said order was not brought to the attention of the court on the hearing of the motion to dismiss. (*Higgins* v. *Mahoney,* 50 Cal. 444.) Counsel was not prevented from looking in the register of actions, and therefore cannot complain of us nor the court below. (*Elliott* v. *Shaw,* 16 Cal. 377; *Coleman* v. *Rankin,* 37 Cal. 247.) The court did not err in denying plaintiffs' motion (*Higgins* v. *Mahoney,* 50 Cal. 444), and did not abuse its discretion. (*Coleman* v. *Rankin,* 37 Cal. 247.) An order refusing to set aside judgment of dismissal will not be reversed on appeal if the order can be sustained by facts appearing. And the plaintiff must show that the court abused its discretion. (*Coleman* v. *Rankin,* 37 Cal. 247; *Grigsby* v. *Napa Co.,* 36 Cal. 585; 95 Am. Dec. 213; *Dupuy* v. *Shear,* 29 Cal. 238; *Carpentier* v. *Minturn,* 39 Cal. 450.)

FOOTE, C. — The appeals here are from a judgment dismissing the action as to two of the defendants, E. C. Robinson and J. Robinson, for the want of prosecution thereof, and from an order refusing to set aside and vacate that judgment.

It has been decided by the appellate court that it will not take jurisdiction of an appeal from an order refusing to set aside a judgment or order which is itself appealable. (*Eureka etc. R. R. Co.* v. *McGrath*, 74 Cal. 51; *Larkin* v. *Larkin*, 76 Cal. 323; *Goyhinech* v. *Goyhinech*, 80 Cal. 409.) The judgment of dismissal in this action was appealable; hence the appeal from the order just mentioned must be dismissed.

From the record it appears that the action was instituted against the defendants here and one Hawkett on the 3d of November, 1883. On the 8th of July, 1885, the default of Hawkett was duly made and entered. After admission of service of summons, the two defendants here concerned filed demurrers to the complaint on the 18th of July, 1885. On the 10th of December, 1888, a motion was made by them to dismiss the action, which upon being heard, upon affidavits on both sides, was granted, and a judgment of dismissal of the action made and entered.

It was set up in the affidavits for the appellants that the delay in speeding the cause to the hearing upon the issue made by the demurrers to the complaint arose from an agreement by stipulation between the parties, made at the instance of one of the defendants; which delay at his instance this defendant denied in his affidavit, as also that any such stipulation existed.

Upon this state of facts the trial court dismissed the action. It appears, however, that a minute order had been made in the action, which appeared upon the minutes of the court, in volume 4, at page 587 thereof, as follows: "Upon motion and consent of respective counsel, it is ordered that the above cause be continued and

set for a time to be agreed upon by counsel, or upon five days' notice of either."

But this order was never called to the attention of the court on the hearing of the motion to dismiss the action, but was made the basis of the motion to set aside the judgment of dismissal.

The court below, as is readily perceived, decided the motion to dismiss, and ordered judgment upon the facts as then presented, and did not have the benefit of this order being called to its attention, which by an inspection of the records of the court might easily have been done by the attorney for the appellants here, especially since the affidavit of R. A. Redman had asserted the existence of a stipulation that such action as a minute order contemplated had been entered into by him with one of the appellants, an attorney of record in the case also.

The point to be decided, then, is, whether the trial court was guilty of an abuse of discretion in dismissing the action, upon the facts as then presented.

The affidavits were conflicting in some respects, and the facts that could have been shown by the presentation of this minute order were not before it.

The appellants' attorney could have found the order and presented it; he knew that Redman's affidavit set up the existence of such a stipulation as would perhaps excuse the delay in speeding the cause to hearing. Should the appellants now be successful in maintaining the abuse of discretion of the trial court, when they or their representative failed to inform the court of the existence of this order?

As it seems to us, the neglect of the appellants was the cause of the court not being fully informed in the premises, and their contention should not prevail. But it is said that it was not the duty of the appellants to have urged the hearing of the demurrer; that this should have been done by the respondents, who filed it;

and hence that the court was wrong in assuming that the laches of the appellants justified a dismissal of the action.

The appellants brought the action; it would seem that upon them rested the burden of prosecuting it to a finality, and that as a step in that direction, from the facts then appearing to the court, they should have taken measures to have the demurrers determined, so that the action could progress. (*Simmons* v. *Keller*, 50 Cal. 39.)

So that we perceive no abuse of the discretion vested in the court as to this part of the transaction. (*Grigsby* v. *Napa Co.*, 36 Cal. 589; 95 Am. Dec. 213.)

Again, it is argued, notwithstanding the admission that the decisions of the appellate court are to the contrary, that the trial court possesses no power to dismiss an action for the want of prosecution.

As this has been declared to be within the power of the superior court, we do not concur in appellants' view. (See *Pardy* v. *Montgomery*, 77 Cal. 327; *Cowell* v. *Stuart*, 69 Cal. 525–527.)

For these reasons, we advise that the appeal from the order refusing to set aside the judgment be dismissed, and the judgment affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the appeal from the order refusing to set aside the judgment is dismissed, and the judgment affirmed.