[L. A. No. 141.   Department One.—January 22, 1897.]

FIRST NATIONAL BANK OF SAN DIEGO, APPELLANT, *v.* ARTHUR G. NASON, RESPONDENT.

ACTION — DISMISSAL FOR WANT OF PROSECUTION — DISCRETION. — The superior court has power to dismiss an action for want of prosecution, and the exercise of this power is left to the discretion of the court, subject only to reversal for a patent abuse of such discretion.

ID.—EXCUSE FOR DELAY—CONSENT OF DEFENDANT—THREAT OF INSOLVENT PROCEEDINGS.—Where the delay in the prosecution has been had at the instance or request of the defendant, the court will properly refuse to dismiss; but a mere threat of the defendant to take advantage of the insolvent laws, not coupled with any request for delay, or promise of payment in the event of such delay, is not a valid excuse for postponement on the part of the plaintiff in prosecuting the action.

ID.—ACTION UPON NOTE—CONTINUED DELAY.—The delay of nearly a year to take out summons after filing the complaint in a simple action upon a promissory note, the delay of nearly another year to serve the summons, with the defendant ever present, and the delay of a year and a half after issue joined in such action is sufficient to justify the exercise of the discretion of the court in dismissing the action for want of prosecution.

APPEAL from a judgment of the Superior Court of San Diego County.   W. L. PIERCE, Judge.

The facts are stated in the opinion.

*Trippet & Neale,* for Appellant.

The nonaction of plaintiff alone will not warrant a dismissal, but the defendant must seek a trial. (*Moeller v. Bailey,* 14 How. Pr. 359; *Dickson v. Rutherford,* 26 Ga. 153.)   This court declined to dismiss a case where the delay was at the instance of defendant. (*Cowell v. Stuart,* 69 Cal. 525.)

*Withington & Carter,* for Respondent.

The right of the superior court to dismiss for failure to prosecute is established, and such action will only be reversed on appeal for some palpable abuse of discretion. (*Simmons* v. *Keller,* 50 Cal. 38; *McDonald* v. *Swett,* 76 Cal. 257.)  Plaintiff was not misled by the statement of defendant that he would go through insolvency if the case were pushed, and it was his duty to prosecute the action. (*Kubli* v. *Hawkett,* 89 Cal. 638; *Kreiss* v. *Hotaling,* 99 Cal. 383; *Murray* v. *Gleeson,* 100 Cal. 511.)

SEARLS, C.—This is an appeal by the plaintiff from a judgment of dismissal of its action for want of prosecution.

The action was brought May 28, 1892, to recover three thousand five hundred dollars and interest on a promissory note made by defendant April 3, 1888, payable sixty days after date.  Summons issued April 20, 1893, and was served January 4, 1894.  Defendant filed his answer February 7, 1894, which, if true, constituted a defense to the action.  August 7, 1895, defendant moved to dismiss the action, and the motion was granted August 16, 1895.

From the foregoing statement it appears that at the date of dismissal the action had been pending over three years.

The bill of exceptions in addition to the above shows, on the part of defendant, that for two years next before the motion to dismiss he had resided in the city of San Diego, and as a supervisor of the county of San Diego had occupied an office in the superior court building.

On the part of plaintiff the bill of exceptions shows that the reason plaintiff had not prosecuted its action was that defendant had threatened to go into insolvency, under the laws of this state, if plaintiff pushed its action to judgment against him, in which event it would

get nothing, and hence it delayed in the hope of finally realizing something on its claim.

1. The power of the superior court to dismiss an action for want of prosecution has been too often asserted and too uniformly upheld to call for discussion. (*Kubli* v. *Hawkett*, 89 Cal. 638; *Saville* v. *Frisbie*, 70 Cal. 87; *Chipman* v. *Hibberd*, 47 Cal. 638; *Simmons* v. *Keller*, 50 Cal. 38; *Kreiss* v. *Hotaling*, 99 Cal. 383; *Murray* v. *Gleeson*, 100 Cal. 511; *Grigsby* v. *Napa County*, 36 Cal. 585; 95 Am. Dec. 213; *Pickett* v. *Hastings*, 39 Cal. 105.) There are many other cases to like effect, but these are sufficient.

2. The exercise of this power must, in the very nature of things, be left to the discretion of the *nisi prius* court, subject only to reversal for a patent abuse of such discretion. Each particular case presents its own peculiar features, and no iron-clad rule can justly be devised applicable alike to all.

3. Where the delay has been had at the instance or request of the defendant, the court will properly refuse to dismiss. (*Cowell* v. *Stuart*, 69 Cal. 525.) We fail to discern in the cause disclosed by the bill of exceptions any valid reason for the delay on the part of plaintiff to prosecute its action.

The threat of defendant to take advantage of the insolvent laws was but evidence of a disposition to do what the law permitted, provided he was insolvent, and, as it was not coupled with any request for delay or promise of payment in the event of such delay, we are at a loss to see any valid excuse for postponement on the part of plaintiff in prosecuting its action.

The delay of nearly a year to take out a summons after filing the complaint, the delay of nearly another year to serve the summons, with the defendant ever present, and the delay of a year and a half after issue joined, in a simple action upon a promissory note, may well have led the court below to believe that plaintiff was seeking the judicial arm of the law, not to secure

prompt justice, but as a means to some ulterior purpose.

We find no abuse of discretion in the action of the court below and recommend that the judgment be affirmed.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Van Fleet, J., McFarland, J.