[S. F. No. 2253.   Department Two.—August 5, 1902.]

ELLEN M. MOWRY, Appellant, v. EMILIE WEISEN-
BORN et al., Respondents.

Dismissal—Want of Prosecution — Demurrer to Complaint.—An
action may be dismissed for want of prosecution of a cause which
had stood for many years upon demurrer to the complaint.   Not-
withstanding the defendant had power to bring on the hearing of
the demurrer, it was not his duty to do so, and he is not chargeable
with neglect for failing to do more than meet the plaintiff step by
step.   The plaintiff is charged with the duty of diligence in prose-
cuting the action, whether the issue is one of law or of fact.

Id.—Distinction between Law and Equity.—There is but one form
of action under our code, and no distinction can be taken in dealing
with a motion to dismiss a cause for want of prosecution, between
actions at law and actions in equity.

Id.—Appeal—Question of Diligence — Discretion not Abused.—It
was in the discretion of the court to dismiss the action for want of
prosecution; and where the facts relative to the question of diligence
do not show an abuse of discretion in dismissing the action its order
will not be disturbed upon appeal.

APPEAL from an order of the Superior Court of the City
and County of San Francisco dismissing an action for the
want of prosecution.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

D. M. Delmas, for Appellant.

F. J. Castelhun, for Respondent.

THE COURT.—Appeal by plaintiff from an order dis-
missing the action on the ground that plaintiff has not used
due diligence in its prosecution.   The action was brought in
the superior court of the city and county of San Francisco.
The facts appearing by the record are as follows:   The com-
plaint was filed April 19, 1890; two demurrers thereto were
served May 16, 1890, and filed May 21, 1890.   On June 27,
1896, defendants served a motion to dismiss, which was filed
June 29, 1896; the motion was noticed for hearing July 3,
1896; accompanying the motion was the affidavit of defend-

ants' attorney showing that when the demurrers came on to be heard, May 30, 1890, Attorney Wright informed affiant that plaintiff's attorney of record (Theodore Bradley) had died, and, "on behalf of plaintiff, requested affiant to allow said demurrers to go over until plaintiff employed another attorney to attend to said cause; that affiant consented; and in consequence of which said demurrers went off the motion calendar of the court; that on the nineteenth day of June, 1896, affiant, on behalf of defendants, served a written notice on the plaintiff, requiring her to appoint another attorney in the place of Theodore Bradley, deceased, or to appear in person in said action; that affiant has never been notified that plaintiff has retained an attorney in the place of her deceased attorney of record, and affiant does not know whether she has employed another attorney or not; that since said action was commenced plaintiff has done nothing to affiant's knowledge to bring the same to trial or to dispose of the same." The motion came on to be heard July 3, 1896, before Judge Wallace, (plaintiff appearing by counsel,) and was argued, submitted, and denied. It appears by affidavit of defendants' attorney that on July 10, 1896, defendants served on plaintiff's attorney proposed bill of exceptions to the order denying motion to dismiss, and on July 18th plaintiff served proposed amendments, and on July 22d defendants served notice of nonadoption of the third proposed amendment and delivered the proposed bill of exceptions to the clerk; that the judge failed to give defendants notice of the settlement of said bill of exceptions, and the bill has never been settled; that thereafter plaintiff took no further steps to bring on said demurrer for hearing until January 9, 1899, on which day plaintiff served notice of motion that said demurrers of defendants would be heard on January 13, 1899. It further appears that on the day for hearing the presiding judge transferred the cause from Department 6 to Department 4, of said court, "for hearing of all further proceedings"; on that day, at 10 o'clock A. M., plaintiff appeared in Department 6, by her counsel, ready to proceed with the argument of said demurrers, and was then informed of said transfer to Department 4; thereafter, January 14th, defendants served, and on January 16, 1899, filed, their affidavit and notice of motion to dismiss; on January 24, 1899, by stipulation of the parties, the cause

was transferred from Department 4 to Department 1 of said court for hearing of all further proceedings. On January 30, 1899, plaintiff served and filed the affidavit of one Westerfeld stating that he is employed as the clerk of D. M. Delmas; that said Delmas was retained in said cause in June, 1896, and that the cause was pending in Department 6 of said court; that Judge Wallace presided over that department, and that during the whole of the time from June, 1896, until January 3, 1899, he was engaged in the trial of criminal cases; that since January 3d, and to the present time, said department has been presided over by Judge Dunne; that on January 5, 1899, affiant called upon Judge Dunne at his chambers, and, on being informed by him that he would hear the case, deponent thereafter, on January 6, 1899, had the demurrers placed upon the calendar of said department for hearing, for January 13, 1899, at 10 o'clock A. M., and so notified defendants' attorney; that on the last-named day and hour affiant was present in court and ready to proceed with the argument of said demurrers; that he then learned from defendants' attorney that the cause had been transferred to Department 4 of said court for further hearing; that on January 14, 1899, said attorney for defendants served upon plaintiff's attorney a notice that on January 20, 1899, he would move to dismiss said action; that on January 24, 1899, said action was transferred from Department 4 to Department 1, pursuant to stipulation. In a supplemental affidavit, Westerfeld deposed that he is now, and since May 21, 1896, has been, an attorney at law, duly admitted to practice; that from June, 1896, until January 12, 1899, while said action was pending in Department 6, the judges presiding over said department were engaged in the trial of criminal cases, and the law and motion calendar of civil cases pending in said department was not called during said time. One Alpers made affidavit that plaintiff was very desirous of having the action tried as soon as possible and he so informed plaintiff's attorney, Mr. Delmas, and was told that if it was desired to have Judge Wallace try the case it would be necessary to wait until he took up the trial of civil cases; that plaintiff did desire the cause to be tried by Judge Wallace, and she would wait until he could try it; that on several occasions plaintiff urged her attorney to dispose of the case speedily. Plaintiff also made

affidavit to these facts. On the foregoing facts the court granted defendants' motion February 6, 1899.

1. Plaintiff contends that the court has not the power, on motion of defendants, to dismiss an action for want of prosecution, when it stands on demurrer to the complaint; that plaintiff cannot be charged with negligence for not bringing defendants' demurrer to a hearing. The argument of plaintiff is, that it was equally within the power of defendants, as it was equally their duty, to bring about the trial of the issue of law raised by the demurrers, and that both plaintiff and defendants standing upon precisely the same ground in this regard, neither could charge the other with negligence; that defendants could not have been injured by a delay which they had the legal means in their own hands to end. This contention is grounded on what is claimed to be the English chancery practice, adopted by the New York chancery courts since the codes. There is but one form of civil actions under our code, and this court has never made any distinction, in dealing with a motion to dismiss for lack of diligence in prosecuting the action, between actions at law and actions in equity, nor can we see any good ground for such a distinction. It is true that the defendant may bring about a trial of the issue presented by his demurrer, but he is not under any duty to do so; his attitude to the case is involuntary, and quite different from that of the plaintiff; he is put to a defense only and can be charged with no neglect for failing to do more than meet the plaintiff step by step. The plaintiff is the party charged with the duty of diligence in prosecuting the action as the issues are presented. The case is at issue, whether it be an issue of law or an issue of fact, and when at issue the duty is upon the plaintiff to diligently pursue the action. It was said in *Kubli* v. *Hawkett,* 89 Cal. 638: "The appellants brought the action; it would seem that upon them rested the burden of prosecuting it to a finality; and that, as a step in that direction, from the facts then appearing to the court, they should have taken measures to have the demurrers determined, so that the action could progress," (citing *Simmons* v. *Keller,* 50 Cal. 39). *Kubli* v. *Hawkett,* 89 Cal. 638, was cited approvingly in *First National Bank* v. *Nason,* 115 Cal. 626; *McLaughlin* v. *Clausen,* 116 Cal. 488; *People* v.

*Jefferds,* 126 Cal. 296; *San Jose etc. Co.* v. *Allen,* 129 Cal. 673.

In *Simmons* v. *Keller* the point was unsuccessfully urged that "when the defendant can himself bring the cause to trial he cannot have judgment, as in the case of nonsuit, for the obvious reason that he is as much in default as the plaintiff for not bringing the case to trial." In *First National Bank* v. *Nason,* 115 Cal. 626, the point was made that "the non-action of plaintiff alone will not warrant a dismissal, but the defendant must seek a trial." But while it was said that "where the delay has been at the instance or request of the defendant, the court will properly refuse to dismiss," the action was dismissed on a showing that plaintiff had without a valid reason delayed prosecution after answer. We do not think this court has overlooked the point made by appellant in all the numerous cases where judgments of dismissal have been affirmed. There may be cases where the rule would not apply,—for example, under section 1050 of the Code of Civil Procedure, where "one person brings an action against another for the purpose of determining an adverse claim, which the latter makes against the former for money or property upon an obligation." In such case the burden is cast upon the defendant to set forth and maintain his claim, and it might be said that he would not come within the reason of the rule. It is possible that some other cases might be suggested where the rule would not apply; but with such we have now no concern. We think it was the duty of the plaintiff to prosecute her action with reasonable diligence, and that the defendants were not precluded from making a motion to dismiss because they had demurred to the complaint.

2. But it is contended that want of diligence is not shown. It appears that the demurrers were filed in 1890 and were set down for hearing in May of that year, but the hearing was continued to enable plaintiff to employ a substitute attorney for the one who had meanwhile died. Plaintiff did not employ an attorney to look after the case until in 1896, and not until called upon to do so, and after defendants had served upon her a notice of motion to dismiss the action. This motion was denied, but plaintiff took no steps to have the demurrers disposed of until January 9, 1899, when she gave notice that the demurrers would be heard on January 13th, and on the

next day defendants moved to dismiss the action. It is urged that from June, 1896, to January, 1899, Department 6, where the case was pending, was engaged in the trial of criminal cases, and that the law and motion calendar of civil cases there pending was not called during said time. It does not appear that the judge was requested to hear the demurrers or declined to do so. It does not appear that any effort was made to have the case transferred to another department where it might be expedited. On the contrary, it appears that plaintiff desired that the case should be tried by Judge Wallace in Department 6, and presumably did not want it transferred. It is settled law that the court had the power to dismiss the action, and the only question is, Did it abuse its discretion in so doing? (*People* v. *Jefferds,* 126 Cal. 296.) We cannot say that the facts show such abuse.

The order is affirmed.