[Sac. No. 2753. In Bank.—October 28, 1919.]

## LUIGI RAGGIO, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Respondents.

[1] DISMISSAL OF ACTION—LACK OF DILIGENCE—DISCRETION—APPEAL.— While a court has power to dismiss a pending action upon the ground that it has not been diligently prosecuted, and the question of diligent prosecution is one largely committed to the discretion of the trial court, yet such discretion is not a capricious or arbitrary one, but an impartial discretion, guided and controlled in its exercise by fixed legal principles, and where it clearly appears to an appellate court upon the facts of the particular case that the lower court has come to an erroneous conclusion, it is its duty to reverse the order of dismissal.

[2] ID.—SUBMISSION OF DEMURRER—EXPEDITION OF DECISION—DUTY OF PLAINTIFF.—The rule that the duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination requires him, even after the submission of a demurrer to the complaint for decision, to take such steps as may reasonably be necessary to make it possible for a decision to be rendered where, to his knowledge, something has intervened to render a decision impossible without action by the parties.

[3] ID.—EXCEPTION—ABSENCE OF KNOWLEDGE OF INTERVENING EVENT RENDERING DECISION IMPOSSIBLE.—Where, however, a plaintiff has with diligence pressed a demurrer to hearing before and submission to a court, he is not charged with any duty to the defendant of attempting to hasten a decision by the court, in the absence of knowledge of some intervening event that renders it impossible for a decision to be rendered upon the pending submission as the matter stands.

[4] ID.—OMISSION TO PRESS DECISION IN DEMURRERS TO COMPLAINT— DISMISSAL OF ACTION ERRONEOUS.—An order dismissing an action for lack of due diligence in its prosecution is erroneous where the same was based on the failure of the plaintiff to press the court for a decision upon demurrers to the complaint which had been under submission for a long time, and there was nothing to indicate to plaintiff's attorneys that a decision would not ultimately be rendered on the pending submission, other than the undue delay on the part of the court.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order dismissing an action. W. A. Anderson, Judge. Reversed.

The facts are stated in the opinion of the court.

O'Gara & De Martini for Appellant.

Hudson Grant, A. G. Bailey, Guy V. Shoup and Henley C. Booth for Respondents.

ANGELLOTTI, C. J.—Plaintiff appeals from an order dismissing his action on the ground that he had not used due diligence in its prosecution, and also from a judgment of dismissal based on such order.

The action was one to recover damages for personal injuries alleged to have been sustained as the result of negligence of the defendants. It was instituted September 12, 1912. Demurrers were interposed by both defendants. These demurrers were argued and submitted for decision to the superior court of Yolo County on December 9, 1912, Honorable N. A. Hawkins, then judge of said court, presiding. On the first Monday of January, 1915, the term of Judge Hawkins, as such judge, expired, without any decision on the demurrers having been given by the court and without any order vacating the submission having been made. Plaintiff's attorneys, who resided and had their offices in San Francisco, did not know of the judge's retirement until some time in May, 1916, when, in response to an inquiry by letter of the clerk of the court as to whether a decision had been rendered, they were informed that no ruling had been made, and that there had been a change in the judgeship which would probably necessitate a resubmission of the demurrers. Accordingly, in December, 1916, no order of any kind having been made in the meantime, they requested the clerk to place the demurrers on the calendar for hearing on the next law and motion day. They were placed on the calendar for hearing on December 26, 1916, and notice was given to the adverse parties. At the request of the attorney for the Southern Pacific Company, consent to a continuance of the hearing on its demurrer to January 8, 1917, was given. On January 8, 1917, the attorneys for the plaintiff and the defendant Southern Pacific Company appeared in court, and said defendant made its motion for dismissal, the same being made without previous notice, plaintiff waiving such notice. Time was given for the filing of affidavits, and the matter was finally heard, argued, and submitted on Jan-

uary 29, 1917.   A similar motion was made by or at least in the name of the other defendant, which was heard, argued, and submitted on February 5, 1917.   On May 31, 1917, an order granting the motions was made and entered, and a formal judgment of dismissal was made and entered June 1, 1917.

No stress is laid in the briefs on the delay of a little over six months following the acquirement of knowledge by plaintiff's attorneys that a resubmission of the demurrers was necessary, owing to a change in the incumbent of the office of judge, as to much of which period the affidavits showed that the attorney having the matter specially in charge was sick and unable to attend to business.   The real claim is, first, that plaintiff should have done something looking to the obtaining of a decision on the submitted demurrers during the two years and a little over of Judge Hawkins' incumbency and the further period during which they believed him to be still an incumbent; and, second, that in any event they should have learned earlier of his retirement from office and should thereupon have brought the demurrers on for reargument and resubmission.   In this connection it should further be stated that on May 7, 1913, one of the attorneys for plaintiff wrote to the clerk of the court, asking whether the court had rendered its decision, and received a reply stating that the demurrer was taken under advisement by the court and that no decision had been rendered; also that such attorney again wrote to the clerk on January 6, 1915, making similar inquiry, and received a reply from the clerk, dated January 8, 1915, four days after Judge Hawkins' retirement, stating that no ruling "has been made as yet," and containing no intimation that Judge Hawkins had retired from office; also that on May 23, 1916, one of said attorneys again wrote to the clerk in regard to the case, stating that "up to six months ago" they were informed that there had been no decision on the demurrer, and asking whether any decision had been rendered, to which the clerk replied that no ruling had been made, that there had been "a change in the judge of the superior court since the demurrers were submitted," and that he thought the demurrers would have to be resubmitted.   It should also be stated that the plaintiff resided in San Mateo County, and his only knowledge in regard to the status of the case was that given him from time to time when he made inquiries of his

attorneys, and expressed his anxiety for a speedy trial. The affidavits, except for the mere lapse of time during which the demurrers remained under submission, fail to disclose the slightest showing of any disposition on the part of the attorneys to unduly delay a hearing on the merits. To the contrary, they indicate that, in view of the fact that the matter had been submitted to the court for decision, the attorneys considered it inadvisable and improper to press the court for a decision, beyond bringing the matter to the attention of the clerk by the inquiries made.

[1] The power of a court to dismiss a pending action upon the ground that it has not been diligently prosecuted cannot, in view of our decisions, be denied. (See *Witter* v. *Phelps,* 163 Cal. 655, [126 Pac. 593].) And it has often been said that the question of diligent prosecution is one largely committed to the discretion of the lower court. But, as said in *Ferris* v. *Wood,* 144 Cal. 426, 428, [77 Pac. 1037], quoting from *Bailey* v. *Taaffe,* 29 Cal. 423: "The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice." And where it clearly appears to an appellate court upon the facts of the particular case that the court below has come to an erroneous conclusion, it is its duty to reverse the order of dismissal.

As has frequently been said, the duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination. Under this rule it has been held that it is incumbent on a plaintiff to use due diligence in the matter of pressing to a hearing a demurrer filed by a defendant. (*Mowry* v. *Weisenborn,* 137 Cal. 110, [69 Pac. 971]; *Kubli* v. *Hawkett,* 89 Cal. 638, [27 Pac. 57]; *Gray* v. *Times-Mirror Co.,* 11 Cal. App. 155, [104 Pac. 481].) [2] This obligation undoubtedly requires the plaintiff, even after submission of the demurrer to the court for decision, to take such steps as may reasonably be necessary to make it possible for a decision to be rendered where, *to his knowledge,* something has intervened to render a decision impossible without action by the parties. Such was the situation in *Gray* v.

*Times-Mirror Co., supra,* where subsequent to submission of the demurrer all of the records were destroyed in the general conflagration of April, 1906, and it was known to all parties that a restoration of the records was a prerequisite to a decision. The lack of diligence was in the matter of the restoration of the records essential to a decision on the demurrer. [3] It has, however, never been held that where a plaintiff has with diligence pressed a demurrer to hearing before and submission to a court, he is charged with any duty to the defendant of attempting to hasten a decision *by the court, in the absence of knowledge* of some intervening event that renders it impossible for a decision to be rendered upon the pending submission as the matter stands, as, for instance, such an event as happened in the case of *Gray* v. *Times-Mirror Co., supra,* or, we may concede, such an event as happened in this case, viz., the retirement from office of the judge before whom the demurrer was argued, rendering it necessary to vacate the submission and bring the demurrer to another hearing.

In this case, excluding from consideration for the moment the fact that the judge before whom the demurrers were argued retired from office January 4, 1915, there was nothing to indicate to the attorneys for plaintiff that a decision would not ultimately be rendered on the pending submission, other than the undue delay on the part of the court. This delay was, it must be confessed, very great,—so great, in fact, as to suggest that the fact of submission might have been overlooked and forgotten by the judge. But as against this was the undisputed evidence of the inquiries by mail by the attorneys for plaintiff of the clerk of the court, the first within five months of the submission, which they might well assume would be brought to the attention of the judge, and the answers to which, prior to the answer of May, 1916, were of such a nature as to indicate to them that it was simply a matter of delay on the part of the judge. While they might have written directly to the judge inquiring why a decision was not rendered, or even have made a formal demand for a decision as a basis for a proceeding in mandate, we can well understand that considerations of delicacy and expediency may have reasonably influenced them to refrain from doing more than to make their polite inquiries of the clerk of the court, with the hope that some time a decision on the pending submission might be made in plaintiff's favor. In so far as any duty to

the defendant of diligent prosecution is concerned, we do not think it should be held that a plaintiff is bound to press the court for a decision upon a pending submission, simply because there is undue delay on the part of the court in rendering a decision. His full duty in this respect is discharged when he diligently presses the matter to hearing and submission to the court. As we have noted, there is not the slightest indication of any bad faith in the matter on the part of the attorneys for the plaintiff or the plaintiff himself. While there is no evidence as to the cause of delay in the matter of the decision, it is probable that the learned judge of the trial court had completely overlooked and forgotten the matter of these demurrers, but plaintiff should not be held accountable for this.

As to the additional fact of the retirement of the judge on January 4, 1915, which, it may be conceded, rendered it necessary that the submission be vacated and another hearing had. Admittedly plaintiff's attorneys had no actual knowledge or intimation of this situation until, in response to their letter of inquiry of May 23, 1916, they received such information from the clerk of the court. It is suggested that in view of section 1875 of the Code of Civil Procedure, relative to "knowledge of the court," providing that "courts take judicial notice of the following facts: . . . 5. The accession to office . . . of the principal officers of government in the legislative, executive and judicial departments of this state and of the United States," they were bound to know of the change in the office of judge of Yolo County. Manifestly this provision has no application to such a situation as we have here. Section 1875 of the Code of Civil Procedure simply specifies certain classes of facts which *courts* take judicial notice of, without the introduction of any evidence relative thereto, resorting for that purpose, if necessary, to "appropriate books or documents of reference." It is a rule of evidence for the government of *courts* in the determination of matters coming before them. In the case at bar its utmost effect on the motion to dismiss was to require the lower court to take judicial notice of the fact that on January 4, 1915, the judge before whom the demurrer was argued retired from office, and it did not require plaintiff's attorneys to know, or to resort "to appropriate books or documents of reference" to ascer-

tain whether any change had occurred in the incumbency of the office.

[4] Under the circumstances we can see no good foundation for a conclusion that, in so far as defendants are concerned, there was any duty resting on plaintiff's attorneys to make inquiry as to whether Judge Hawkins had retired from office. Especially is this true in view of the fact that the letter from the clerk of the court, written several days after the first Monday of January, 1915 (the date of retirement), contained no intimation of such retirement, and stated that no ruling "has been made as yet," which rather intimated the contrary. It is to be borne in mind that, under our constitution, the six-year term of office of judges of the superior court always expires on the first Monday of January. If there had been anything to reasonably suggest to these attorneys, residing and having their office in another county some considerable distance removed from Yolo County, that the judge had retired from office, it might reasonably be held that some obligation of inquiry ensued. However, there was nothing of this nature in this case, and, in so far as the particular question we are discussing is concerned, there was no obligation of inquiry whatever. There being no such obligation of inquiry, the fact that an examination of the list of judges in the California Reports would have shown the fact is immaterial. It may be suggested that it would have been a simple matter for the attorney of defendant Railroad Company, who resided and had his office in Yolo County, if he desired to hasten disposition of the demurrer, to have brought to the knowledge of plaintiff's attorneys the fact of change in the judgeship and the consequent necessity for another hearing.

On the whole case we are of the opinion that the learned judge of the trial court erred in granting the dismissal.

The judgment and order of dismissal are reversed.

Shaw, J., Wilbur, J., Olney, J., Lawlor, J., Lennon, J., and Melvin, J., concurred.