[Civ. No. 9306. First Appellate District, Division Two.—June 1, 1934.]

C. T. ROSE, Appellant, v. SUBWAY TERMINAL CORPORATION (a Corporation), Respondent.

Randall J. Hood, Lester E. Hardy and Claude A. Shutt for Appellant.

W. I. Gilbert for Respondent.

SPENCE, J.—This is an appeal by plaintiff from a judgment of dismissal entered by the trial court upon the ground of want of prosecution.

Plaintiff had demanded a jury and the trial before a jury proceeded during the first day. It was regularly con-

tinued to 10 o'clock of the morning of the following day. Plaintiff was advised by his counsel on the first day of the trial that it would be necessary for him to deposit $31.50 in cash with the clerk in payment of jury fees at the beginning of the trial on the second day. Plaintiff failed to produce these jury fees but requested that the clerk accept his check for the amount. The clerk refused to do so but apparently agreed that he would accept said check if any one of the three attorneys then representing plaintiff would indorse said check. The record shows that each of said attorneys refused to make such indorsement. The trial court granted a recess until 10:30 A. M. in order to permit plaintiff to produce the necessary fees. He failed to obtain the money and a second recess was taken to give plaintiff a further opportunity. Shortly after 11 o'clock the case was again called and counsel for plaintiff stated: "In this matter we are not ready to proceed, by reason of the fact that our client has not produced the jury fee for this morning." Some discussion followed in which counsel for plaintiff stated that he and his associates had refused to indorse their client's check; that they had told him to send for the money but that the necessary amount had not been produced. He further stated "so for that reason we are not ready to pay the jury fees at this time". Thereupon counsel for defendant moved for a dismissal for want of prosecution. The court indicated its view that there was nothing to do but ·grant the motion. After certain further discussion the motion was granted. No suggestion or request was made at any time that the jury be dismissed and the cause be tried by the court. Plaintiff's counsel made nothing more than a feeble suggestion that the jury fees might be produced if further time was granted.

■ Appellant concedes that a trial court has inherent power to dismiss an action upon the ground that it has not been diligently prosecuted and further concedes that the question of diligent prosecution is one largely committed to the discretion of the trial court. (*Raggio* v. *Southern Pac. Co.*, 181 Cal. 472, 475 [185 Pac. 171]; 9 Cal. Jur. 526.) ■ He seems to take the position, however, that the trial court abused its discretion in the present case in dismissing the action rather than dismissing the jury and setting the cause down for a trial by the court

without a jury. In our opinion it cannot be said that the trial court abused its discretion in dismissing the action. A jury had been demanded by plaintiff and he was insisting upon a jury trial without paying the jury fees required by law and without making any request for a trial by the court. As a matter of law he had waived his right to a trial by jury by a failure to deposit the jury fees at the time specified (Code Civ. Proc., sec. 631, subd. 7), and the delay resulting from the granting of his requests for time within which to produce the fees obstructed the orderly and expeditious handling of the business of the court. If appellant had desired to have the jury dismissed and the cause set for trial before the court sitting without a jury, he should have made such request. The trial court might well have granted such request upon condition that appellant pay the jury fees incurred for the second day of trial before the time set for the trial by the court. In the absence of such request we believe that the trial court properly dismissed the action.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.